# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00295-MR
# [CRIMINAL CASE NO. 2:12-cr-00030-MR-DLH-1]

| | |
|---|---|
| **KIMBERLY RACHAEL MOORE,** ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255 [Doc. 1] and the Government's Motion to Dismiss [Doc. 4]. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

## BACKGROUND

On May 21, 2013, Petitioner entered a straight-up plea to a seven-count indictment which charged her with enticing a minor to engage in sexually explicit conduct for the purpose of producing visual images that she knew would travel in interstate commerce, in violation of 18 U.S.C. § 2251(a) (Count One); unlawfully and knowingly receiving visual depictions of minors

engaged in sexually explicit conduct using any means or facility of interstate commerce, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b) (Counts Two through Six); and one count of knowingly possessing sexually explicit, visual depictions of minors that had been mailed, shipped or transported in interstate commerce, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b). [Criminal Case No. 2:12-cr-00030, ("CR") Doc. 1: Indictment; CR Doc. 16: Acceptance and Entry of Guilty Plea]. On June 3, 2014, Petitioner was sentenced to a total term of 210 months' imprisonment. [CR Doc. 27: Judgment]. Judgment was entered on June 6, 2014. [Id.]. Petitioner did not appeal.

On December 19, 2015, Petitioner placed the present Motion to Vacate in the prison's mailing system. In her motion, Petitioner contends that her counsel was ineffective in that he: failed to file a notice of appeal; failed to explain her sentencing range; assured her that she would receive no more than 180 months in prison; and failed to move the Court for a mental health evaluation. Additionally, Petitioner challenges the knowing and voluntary nature of her guilty plea. [Civil Case No. 1:15-cv-00295 ("CV"), Doc. 1]. The Government has responded to Petitioner's Motion to Vacate and moves to dismiss the motion as untimely. [CV Doc. 4].

2

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's criminal judgment was filed on June 6, 2014, and she did not appeal. Therefore, her judgment became final fourteen days later on June 20, 2014. Once her conviction became final, Petitioner had one year, or until June 20, 2015, to file a § 2255 motion to vacate her sentence. See Clay v. United States, 537 U.S. 522, 532 (2003). Petitioner, however, did not file her Motion to Vacate until December 19, 2015, which is the date she avers that she placed the motion in the prison's mailing system. See Houston v. Lack, 487 U.S. 266, 276 (1988). Accordingly, Petitioner's motion is untimely under § 2255(f)(1).[1]

Petitioner acknowledges that her motion is untimely, but argues that the Court should nonetheless consider it because she was waiting to hear back from her attorney and was unaware that she "only had a year to file an

---

[1] In her response to the motion to dismiss, Petitioner appears to argue that her § 2255 motion is timely pursuant to § 2255(f)(3), as her motion was filed within one year of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 5]. This argument, however, is without merit. In Johnson, the Court held that the term "crime of violence" as used in the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional. Petitioner was not sentenced under the ACCA, nor was her sentence in any way enhanced as a result of any "crime of violence." Accordingly, § 2255(f)(3) is inapplicable to her motion.

appeal." [CV Doc. 1 at 10]. She contends that after she was sentenced she asked her attorney what her options were and why she had received a longer sentence than she had anticipated. [Id. at 3-4]. Petitioner asserts that her attorney told her that she needed to do some time and "we would see about an appeal later." [Id. at 10]. She concedes that she waited for a year and half to hear from her attorney. [Id.].

Equitable tolling is available only when a petitioner demonstrates "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Equitable tolling is limited to "rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)), cert. denied, 135 S. Ct. 2890 (2015). A petitioner's own ignorance of the limitations period for pursuing post-conviction relief does not support equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (holding that misunderstanding regarding the statute of limitations is neither extraordinary, nor a circumstance beyond the petitioner's control).

In the present case, Petitioner can show neither due diligence, nor that an extraordinary circumstance prevented her from filing a timely motion. Petitioner simply "waited to hear from [her] defense counsel" after sentencing and allowed over a year and a half to pass before pursing any relief. [Doc. 1 at 10]. Although Petitioner blames her untimeliness on counsel's failure to file an appeal, Petitioner admittedly never specifically asked her counsel to appeal. Even if she had, she still did not diligently pursue relief. See Wiley v. United States, No. 3:11cv046-FDW-5, 2011 WL 737063, at *2 (W.D.N.C. Feb. 23, 2011) (unpublished) (holding that petitioner should have discovered counsel's failure to file an appeal well before the one-year limitations period ended and, therefore, had not established due diligence). Furthermore, Petitioner has not demonstrated any extraordinary circumstances which prevented her from filing her motion timely. Petitioner's belated discovery of the applicable statute of limitations is neither extraordinary, nor a circumstance external to her control.

Based on the foregoing, the Court finds that Petitioner's § 2255 Motion to Vacate should be dismissed as untimely.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. §

2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 4] is **GRANTED**, and Petitioner's Motion to Vacate [Doc. 1] is **DENIED and DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**   Signed: September 19, 2016

Martin Reidinger
United States District Judge